UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS PIERSON,

    Plaintiff,

v.                                                                           Case No. 8:18-cv-1233-T-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Supplemental Security Income (SSI) payments. For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1968, completed the ninth grade, and has past relevant work experience as a dump truck driver, carpenter helper, HVAC helper, road roller operator, and general road laborer. (R. 92, 295). In January 2015, the Plaintiff applied

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

for SSI, alleging disability as of May 1, 2014, by reason of a missing right toe and lower back problems. (R. 538). The Social Security Administration (SSA) denied his application both initially and on reconsideration. (R. 338, 351).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on March 1, 2017. (R. 291-329). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. *Id.* A vocational expert (VE) also testified. (R. 324-26). The hearing was adjourned, however, to allow the Plaintiff to attend a consultative psychological examination. That consultative exam was conducted on March 28, 2017. (R. 961-67). The hearing resumed roughly three weeks later, during which the Plaintiff provided additional testimony and a second VE testified. (R. 270-90).

In a decision dated September 20, 2017, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since his application date of January 22, 2015; (2) had the severe impairments of anxiety, depressive disorder, amputation of the great left toe, chronic obstructive pulmonary disease, and cervical and lumbar spine degenerative disc disease; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light exertional work with some additional functional, postural, environmental, and mental limitations; and (5) based in part on the VE's testimony, could not perform his past relevant work but was capable of performing other jobs in significant numbers in the

national economy. (R. 80-94). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 94).

The Appeals Council considered additional medical evidence post-dating the ALJ's decision but, finding it did not provide a basis for changing the ALJ's decision, denied the Plaintiff's request for review on March 23, 2018. (R. 1-7). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant:

---

[2] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

(1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given his RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

If a claimant is dissatisfied with an ALJ's decision, he may request that the Appeals Council review the action. 20 C.F.R. §§ 404.967, 416.1467. In conducting this review, the Appeals Council must determine "if '[the ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.970(b)).

Following Appeals Council action, "a claimant may seek a remand [by the district court] based on evidence that was properly before the Commissioner under

4

sentence four of 42 U.S.C. § 405(g)." *Lindsey v. Comm'r of Soc. Sec.*, 741 F. App'x 705, 709-10 (11th Cir. 2018) (citing *Ingram*, 496 F.3d at 1266-68). As with other Social Security appeals, judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether she applied the correct legal standards. *See* 42 U.S.C. § 405; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). Indeed, it is the province of the Commissioner, not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).[4] Thus, the Court's role is confined to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Moore*, 405 F.3d at 1211. Where this quantum of evidence exists, the Court must affirm the Commissioner's decision "even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Philips*, 357 F.3d at 1240 n.8). While the court accords deference to the

---

[4] Decisions of the former Fifth Circuit issued prior to October 1, 1981, bind this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Commissioner's factual findings, "no such deference is given to [her] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

The Plaintiff's sole contention on appeal is that the Appeals Council erred in its consideration of the evidence the Plaintiff submitted to it after the ALJ's decision. (Doc. 27 at 6-8). That evidence consisted of: (1) a February 14, 2018, certification from a physician, Dr. Bhavik Vala, stating that the Plaintiff was disabled by stomach cancer with an onset date of November 29, 2017 (R. 102); (2) February 15, 2018, emergency room records from Florida Hospital in Zephyrhills, which indicated that the Plaintiff reported symptoms of back pain, abdominal pain, nausea, vomiting, and hematemesis (R. 245); (3) a lumbar spine CT scan performed on February 15, 2018 (R. 248); (4) a February 19, 2018, report from an orthopedic surgeon, who reviewed Plaintiff's lumbar spine imaging (R. 194); and (5) February 21, 2018, emergency room records for treatment of the Plaintiff's right neck pain (R. 153). The Plaintiff asserts that the stomach cancer diagnosed by Dr. Vala could reasonably be the cause of his symptoms of bleeding, vomiting, and weight loss which he complained about at the hearing, and that this condition "likely" existed at the time of the ALJ's decision. (Doc. 27 at 6-7). The Plaintiff also argues there is a reasonable probability that the above records pertaining to his back could have led the ALJ to find he was more limited than the ALJ assessed. *Id.* at 7-8.

6

In response, the Commissioner asserts that the evidence submitted to the Appeals Council is not chronologically relevant to the ALJ's September 2017 decision, and, even if it were, the Plaintiff fails to show that the evidence would have changed the administrative outcome. *Id.* at 8-10.

Upon a thorough review of the record and the parties' submissions, the Court concludes that the Appeals Council applied the correct legal standards and that the Commissioner's decision is supported by substantial evidence.

Aside from a few exceptions, a claimant may submit additional evidence at each stage of the administrative proceedings, including to the Appeals Council. *Id.* The Appeals Council is required to consider such evidence if it is "new, material, and chronologically relevant." *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.970(b)). "New" evidence refers to evidence that was not previously before the ALJ. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is deemed "material" if it "is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (quoting *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987)). And, evidence is considered "chronologically relevant" when it relates to the period on or before the date of the ALJ's decision. *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 864 (11th Cir. 2017) (citing *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322 (11th Cir. 2015)). Of significance here, medical evidence that post-dates the ALJ's decision may be chronologically relevant where it relates back to a time on or before the ALJ's decision. *Washington*, 806 F.3d at 1322-23.

Where "a claimant properly presents new evidence to the Appeals Council" and the Appeals Council denies review, "a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Remand is warranted when a claimant submits new evidence to the Appeals Council that the Council did not adequately evaluate in denying the claimant's request for review. *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1268); *see also Washington*, 806 F.3d at 1321 ("[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate."). Accordingly, "[t]o obtain . . . remand, the claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." *Timmons*, 522 F. App'x at 902 (citing *Ingram*, 496 F.3d at 1266-67).

The Plaintiff has not met his burden here. As previously noted, after the ALJ's September 2017 decision, the Plaintiff provided the Appeals Council with, among other evidence, a February 14, 2018, disability certification from Dr. Vala that the Plaintiff had been diagnosed with stomach cancer, as well as various records from February 2018 pertaining to the Plaintiff's back. While the stomach cancer diagnosis is no doubt serious, nothing in the records presented to the Appeals Council indicates that this stomach condition relates back to the time on or before the ALJ's decision. Indeed, by the Plaintiff's own admission, Dr. Vala's disability certification provides a stomach cancer onset date of November 29, 2017 (R. 102), which is approximately

two months after the ALJ issued his determination.[5] Similarly, the February 2018 records regarding the Plaintiff's back bear no markers that his worsening condition relates to the time period before the ALJ's decision. As a result, the Court is constrained to conclude that the new evidence submitted to the Appeals Council does not materially undermine the ALJ's disability decision. The Court therefore finds no error in the Appeals Council's decision to deny review of the Plaintiff's claim after receiving this additional evidence.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is AFFIRMED.

2) The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 19th day of June 2019.

*Christopher P. Tuite* (signature)
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

---

[5] As revealed in a subsequent filing, the Plaintiff re-applied for SSI in May 2018, and that application was approved. (Doc. 28).